IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF TEXAS

AMARILLO DIVISION

| | | |
|---|---|---|
| JOHN R. WHIRTY, PRO SE, | § | |
| A.K.A. JOHN ROBERT WHIRTY, | § | |
| TDCJ-CID # 195269, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | 2:05-CV-0072 |
| | § | |
| DARRYL E. GLENN, | § | |
| Law Library Supervisor, | § | |
| | § | |
| Defendant. | § | |

**MEMORANDUM OPINION AND ORDER OF DISMISSAL**

Plaintiff JOHN R. WHIRTY, acting pro se and while incarcerated as a prisoner in the Texas Department of Corrections, Institutional Division, has filed suit pursuant to Title 42, United States Code, Section 1983 complaining against the above-referenced defendant and has been allowed to proceed in forma pauperis.

Plaintiff claims defendant GLENN violated his right of access to courts by denying him the use of a photocopy machine for "reproduction of documents, briefs, pleadings, etc. necessary to meet state and federal filing requirements." By his "Amended Complaint" plaintiff seeks to add claims that GLENN denied him access to courts by failing to provide photocopy services for any legal documents for indigent inmates; retaliatory denial of legal supplies; denial of access to Texas Administrative Codes and a Federal Appendix of past advance sheets; and denial of the use of a stapler.

By his Amended Complaint, plaintiff requests injunctive relief "prohibiting defendant from denying access to photocopier, stapler, TX. Adm. Codes, Fed. Appendix and legal supplies, and other equitable relief."

## JUDICIAL REVIEW

When a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity, the Court must evaluate the complaint and dismiss it without service of process, *Ali v. Higgs*, 892 F.2d 438, 440 (5th Cir. 1990), if it is frivolous[1], malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. 1915A; 28 U.S.C. 1915(e)(2). The same standards will support dismissal of a suit brought under any federal law by a prisoner confined in any jail, prison, or other correctional facility, where such suit concerns prison conditions. 42 U.S.C. 1997e(c)(1). A *Spears* hearing need not be conducted for every *pro se* complaint. *Wilson v. Barrientos*, 926 F.2d 480, 483 n.4 (5th Cir. 1991)[2].

The District Judge has reviewed plaintiff's pleadings to determine if his claims present grounds for dismissal or should proceed to answer by defendants.

## THE LAW AND ANALYSIS

A prisoner does not have a right of unconditional access to legal materials. *Campbell v. Miller*, 787 F.2d 217, 226 (7th Cir.), *cert. denied*, 479 U.S. 1019, 107 S.Ct. 673, 93 L.Ed.2d 724 (1986). Rather, the constitutional benchmark is meaningful, not unlimited,

---

[1] A claim is frivolous if it lacks an arguable basis in law or in fact, *Booker v. Koonce*, 2 F.3d 114, 115 (5th Cir. 1993); *see, Denton v. Hernandez*, 504 U.S. 25, 112 S.Ct. 1728, 1733, 118 L.Ed.2d 340 (1992).

[2] *Cf*, *Green v. McKaskle*, 788 F.2d 1116, 1120 (5th Cir. 1986) ("Of course, our discussion of *Spears* should not be interpreted to mean that all or even most prisoner claims require or deserve a *Spears* hearing. A district court should be able to dismiss as frivolous a significant number of prisoner suits on the complaint alone or the complaint together with the *Watson* questionnaire.").

access. *Id*. Further, if an inmate is afforded meaningful access to the courts, restrictions which do not unreasonably impair that access are valid, despite delays and inconvenience. *Campbell v. Miller*, 787 F.2d 226-27. Thus, the constitutional right of access to the courts prohibits prison officials from unreasonably limiting access to legal personnel or legal materials. *Crowder v. Sinyard*, 884 F.2d 804, 811 (5th Cir. 1989).

"While the precise contours of a prisoner's right of access to the courts remain somewhat obscure, the Supreme Court has not extended this right to encompass more than the ability of an inmate to prepare and transmit a necessary legal document to a court." *Brewer v. Wilkinson*, 3 F.3d 816, 821 (5th Cir. 1993), *cert. denied*, 510 U.S. 1123, 114 S.Ct.1081, 127 L.Ed.2d 397 (1994). The denial of access to copy machines or even to typewriters and carbon paper does not deprive an inmate of his right of access to the courts. *Beck v. Lynaugh*, 842 F.2d 759 762 (5th Cir. 1988). Finally, if a litigant's position is not prejudiced by the claimed violation, his claim of denial of access to the courts is not valid. *Henthorn v. Swinson*, 955 F.2d 351, 354 (5th Cir.), *cert. denied*, 504 U.S. 988, 112 S.Ct. 2974, 119 L.Ed.2d 593 (1992).

To his original complaint, plaintiff attached a typewritten "Request of Copy Service for Indigent Prisoner[3]" which was denied by the defendant. By this document, plaintiff requested twelve copies of a "Petition of Review/Appendix containing 4 Documents" to be filed under writ number 5,300-09, Ex parte John Robert Whirty, in the Texas Court of Criminal

---

[3]In his typewritten "Request for Copy Service for Indigent Prisoner" attached to plaintiff's original complaint, plaintiff states he needs a total of twelve copies of the document "to be filed in the Court of Criminal Appeals in accord with Texas Rules of Appellate Procedures Rule 9.3(b) and 53." Of course, Rule 53, Texas Rules of Appellate Procedure, concerns petitions for review to be filed with the Texas Supreme Court and, therefore, is not applicable to plaintiff's proposed filing. Further, review of Rule 9.3(b)(2), Texas Rules of Appellate Procedure, exempts from the copy requirement "a pleading under Code of Criminal Procedure article 11.07." Article 11.07 covers "application[s] for writ of habeas corpus in which the applicant seeks relief from a felony judgment imposing a penalty other than death." Thus, it appears plaintiff's pleading was not subject to the copy requirement of Rule 9.3(b)(2), Texas Rules of Appellate Procedure and, in any event, the defendant could reasonably have believed the denial of copies would not deprive plaintiff of his access to courts.

Appeals. Defendant's denial of this request is apparently the subject of plaintiff's grievances attached to his original complaint and the original basis for this lawsuit.

On July 15, 2005, this Court issued a Briefing Order and Questionnaire. In his July 25, 2005 response plaintiff informed the Court that case no. 5,300-09 is a state write of habeas corpus[4]. He admitted his pleading was not refused filing because of a lack of copies[5]. Instead, he said the Clerk of the Texas Court of Criminal Appeals misconstrued his petition for review to be a petition for discretionary review and advised plaintiff that the document had been placed in the file, but no further action would be taken[6].

To his July 25th Questionnaire response, plaintiff attached a copy of the December 10, 2004 letter from the Clerk of the Texas Court of Criminal Appeals informing him that the Rules of Appellate Procedure don't provide for discretionary review from the denial of an application for writ of habeas corpus under Art. 11.07 C.C.P. and that, aside from filing, no further action would be taken on his request. When asked in the Questionnaire how his position as a litigant was prejudiced by any failure to file the proposed pleading, plaintiff responded that the Clerk of the Court of Criminal Appeals had "unlawfully blocked Habeas Petition upon an abuse order of 1986 which no longer was in force after change in habeas statute in 1995 . . . ."

While plaintiff's responses may be somewhat confusing, one thing is clear, he did not suffer any refusal to file a pleading because of a lack of copies. Instead, it appears the "Petition of Review/Appendix containing 4 Documents," referenced in his request to defendant GLENN, was filed but was not acted on by the Court of Criminal Appeals, for reasons explained

---

[4] See plaintiff's July 25, 2005 Questionnaire response at the answer to question nos. 1 and 2.

[5] See plaintiff's July 25, 2005 Questionnaire response at the answer to question no. 7.

[6] See plaintiff's July 25, 2005 Questionnaire response at the answer to question nos. 4 and 5.

4

to plaintiff by the Clerk. Further, plaintiff makes no connection between any failure to provide him with photocopies or other legal supplies, and the claimed prejudice, *i.e.*, that the Clerk of the Court of Criminal Appeals, acting in accordance with an "abuse order" issued in 1986, "blocked" plaintiff's habeas petition. The facts provided by plaintiff show that any prejudice to his position as a litigant in that cause did not flow from defendant GLENN's refusal to provide photocopies, a stapler, or access to other legal materials. Thus, plaintiff's claim that the denial of these things has denied him access to the courts lacks an arguable basis in law and is frivolous. *Neitzke v. Williams*, 490 U.S. 319, 109 S.Ct. 1827, 104 L.Ed.2d 338 (1989).

Lastly, plaintiff has accused defendant GLENN of retaliatory denial of unidentified legal supplies due to plaintiff's questioning GLENN's denial of postage and mailing for some of plaintiff's letters which plaintiff characterizes as "legal." This is the entirety of plaintiff's allegation concerning retaliation and is not sufficient to state a claim. A prisoner claiming retaliation must allege (1) a specific constitutional right; (2) retaliatory intent by the defendant for the prisoner's exercise of that right, (3) a retaliatory adverse act, and (4) causation. *Jones v. Greninger,*, 188 F.3d 322, 324-25 (5th Cir. 1999). Plaintiff has provided no specific facts in this sketchy allegation of retaliation and has not even explained what he means by "questioning." He certainly has not shown that this is a constitutionally protected act. Moreover, plaintiff also has not alleged any facts to show what legal supplies he was denied, for how long, what harm he suffered thereby, or why he feels the denial was retaliatory, instead of a valid application of official discretion to prevent abuse of free legal supplies.

In any event, plaintiff's timely response to the Court's Questionnaire and his motion to amend, complete with a two-page transmittal letter, show plaintiff has been able to

5

make regular and timely submissions in this lawsuit and has adequate legal supplies, even if it was not the maximum amount to which he felt entitled under prison regulations. Even assuming that "questioning" GLENN's handling of plaintiff's mail was a constitutionally-protected act, plaintiff has not alleged any facts showing he suffered an adverse consequence sufficient to deter a "person of ordinary firmness" from the exercise of that right. *Bart v. Telford*, 677 F.2d 622, 625 (7th Cir. 1982). Thus, plaintiff's allegations are not sufficient to state a claim of retaliation against defendant GLENN. *Accord*, *Jones v. Greninger,*, 188 F.3d 322, 324-25 (5th Cir. 1999).

## CONCLUSION

Pursuant to Title 28, United States Code, sections 1915A and 1915((e)(2), as well as Title 42, United States Code, section 1997e(c)(1),

IT IS HEREBY ORDERED:

The referral of the instant cause to the United States Magistrate Judge is hereby withdrawn.

This Civil Rights Complaint is DISMISSED WITH PREJUDICE AS FRIVOLOUS AND FOR FAILURE TO STATE A CLAIM ON WHICH RELIEF CAN BE GRANTED.

LET JUDGMENT BE ENTERED ACCORDINGLY.

All pending motions are DENIED.

The Clerk will mail a copy of this Order to the plaintiff, and to any attorney of record by first class mail. The Clerk will also mail a copy to TDCJ-Office of the General Counsel, P.O. Box 13084, Capitol Station, Austin, TX 78711 and to the Pro Se Clerk at the U.S. District Court for the Eastern District of Texas, Tyler Division.

      IT IS SO ORDERED.

      ENTERED this  25th  day of August, 2005.

                                                  /s/ Mary Lou Robinson
                                                  MARY LOU ROBINSON
                                                  UNITED STATES DISTRICT JUDGE